TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00720-CR







Karry Ray Atnip, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL

DISTRICT

NO. 96-392-K368, HONORABLE JOE DIBRELL, JUDGE PRESIDING








 A jury found Karry Ray Atnip guilty of driving while intoxicated, a third-degree felony. 
Tex. Penal Code Ann. § 49.04 (West 1994 & Supp. 1998). The jury fixed punishment at 37 years'
imprisonment. (1) He was adjudged guilty, sentenced accordingly, and now appeals. Atnip contends the trial
court erred in admitting an electronically recorded statement that was not provided to the defense at least
20 days before commencement of trial. See Tex. Code Crim. Proc. Ann. art. 38.22, § 3(a)(5) (West
Supp. 1998). We will affirm the judgment. 


THE CONTROVERSY


 On December 5, 1995, Karry Ray Atnip was arrested for driving while intoxicated. Two
videotapes were made, one at the scene and another at the police station showing Atnip attempting to
perform field sobriety tests. The police-station video also includes some commentary from Atnip. A police
officer asked Atnip to sit down while the officer prepared a fingerprint card at the booking desk. Atnip,
speaking apparently to himself, said without any prompting from the officer, "I've been drunk for twenty
years."

 On December 20, 1995, Atnip was indicted for driving while intoxicated. An attorney was
appointed to represent him. Before trial, the attorney watched the videotape of Atnip made at the police
station, but did not request a copy of the videotape. On March 5, 1996, the attorney withdrew and was
replaced by another. Before withdrawing, the first attorney advised the second of the existence and
contents of the videotape. The second attorney did not request a copy of the videotape.

 After voir dire, the trial judge conducted a hearing on Atnip's motion to suppress in which
he contended the videotape made at the police station was inadmissible because the State did not provide
him a copy of the recording in compliance with Article 38.22 of the Code of Criminal Procedure. The
judge denied Atnip's motion to suppress and the videotape was played for the jury during trial. 


DISCUSSION AND HOLDINGS


 In his sole point or error, Atnip asserts the trial court erred in admitting the videotape into
evidence in violation of Article 38.22, which states the following:


3(a). No oral or sign language statement of an accused made as a result of custodial
interrogation shall be admissible against the accused in a criminal proceeding unless:


* * * 



(5) not later than the 20th day before the date of the proceeding, the attorney representing
the defendant is provided with a true, complete, and accurate copy of all recordings of the
defendant made under this article. 



Tex. Code Crim. Proc. Ann. art. 38.22, § 3(a)(5).

 Assuming Atnip's statement on the videotape was, in fact, a statement made as a result of
custodial interrogation, the question reduces to whether the State "provided" the videotape within the
meaning of Article 38.22. In Lane v. State, 933 S.W.2d 504, 514 (Tex. Crim. App. 1996), the Texas
Court of Criminal Appeals held that the word "provide" in Article 38.22 was capable of two meanings: (1)
to make available; or (2) to supply or equip. Id. at 514-15. The court held that in the context of Article
38.22 "provide" meant to "make available." See id. The court explicitly held that Article 38.22 did not
require the State physically to deliver a copy of the recording to the defense; instead, the statute merely
placed upon the State a duty to inform the defense of the existence of a recording and permit reasonable
access to a copy of it. Id. at 516. 

 In Lane, the State played the disputed videotapes for the defense at a pre-trial hearing. 
The videotapes were then admitted into evidence and retained at the district clerk's office. The court held
that because defense counsel was, at the pre-trial hearing, put on notice of the videotapes and their
contents, and the videotapes were available to the defense at the district clerk's office, the State met its
obligations under Article 38.22. See id.

 The circumstances here are similar. The State played the videotape for Atnip's attorney
more than twenty days in advance of the trial, thereby giving defense counsel notice of the tape. (2) The State
asserted the videotape was available at the district attorney's office, where Atnip's attorney could have
attained a copy at any time. Atnip adduced no evidence that the videotape was not "made available" to
him in the requisite sense. He argues simply that the State was duty-bound to deliver the tape to him
without his requesting it. On the basis of Lane, we hold the State had no such duty. 

 Even if the videotape was erroneously admitted, we believe the admission of the evidence
was harmless. See Tex. R. App. P. 44.2(b); Tigner v. State, 928 S.W.2d 540, 547 (Tex. Crim. App.
1996). The testimony of the arresting officers and the uncontested admission of the first videotape made
at the scene constituted ample evidence to support the jury's findings. There appears to be no reasonable
likelihood that the jury would have acquitted Atnip had the police-station videotape been excluded. Any
error was therefore harmless.

 For the reasons stated above, we affirm the trial-court judgment.



 

 John Powers, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: July 16, 1998

Do Not Publish
1. Punishment was determined under Texas Penal Code section 49.09(b), the habitual-offender statute. 
Tex. Penal Code Ann. § 49.09(b) (West Supp. 1998).
2. See Tigner v. State, 928 S.W.2d 540, 546 (Tex. Crim. App. 1996) ("proceedings" defined as "the
proceeding at which those issues arose").



 court erred in admitting the videotape into
evidence in violation of Article 38.22, which states the following:


3(a). No oral or sign language statement of an accused made as a result of custodial
interrogation shall be admissible against the accused in a criminal proceeding